WOOD, J.
Wilkinson purchased of Root for a certain sum; he •sold to the witness one-sixteenth for one-sixteenth of the amount •of the purchase. If the plaintiff recover now for a fraud in the sale, what right has the witness to any portion of it? This matter is not included in his contract. He agreed to pay a certain sum, which is in fact one-sixteenth of the original purchase, but he was not defrauded — he bought with his eyes open. If the plaintiff recover, we do not see the witness’s claim to any portion of the amount. He made no stipulation for any reduction, on any account. He may be sworn.
The witness was asked what Wheeler said about the ore, and the representations of the defendant being false. Wheeler was interested with the defendant in the works sold, and is now dead.
WOOD, J. The question is improper — Wheeler is no party to this suit. You claim to recover on the false representations of the defendant himself — their falsity must be established by evidence, not by the declarations of a third person. The partnership makes *712 no difference — tbe suit is for tbe act of Root, not tbe acts of Wheeler, or of Wheeler and Root.
The witness was then asked if Root, while he run the furnace on his own account, did not purchase ore procured from other land.
This was objected to as irrelevant, and overruled.
After the evidence was closed, the defendant’s counsel asked the-court to instruct the jury,
1. That if the plaintiff jrarchased without relying upon the defendant’s representation as to the quantity of ore and the value of the works, he cannot recover, though the representations were false.
2. If he recover, the rule of damages is the actual injury or loss-to the plaintiff by the fraud.
WOOD, J. If the plaintiff purchased from his own knowledge ■ of the property, and was not induced to purchase by the representations of the defendant, he was not defrauded by them, and, of course, cannot recover.
If the false representation induced the ¡mrchase, and the plaintiff is entitled towecover, he should recover what the jury find to be the difference between the represented and actual value of the premises-at the time of the purchase.
Verdict and judgment for the defendant.